IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. FLORES,

                Plaintiff,

v.

ALLEN HORN, CODY WOODS, HOPE BARAJAS,
MARIN DREW, G2 SECURE STAFF, EEOC, and
JEANINE HOLTZMANN,

                Defendants.

OPINION and ORDER

23-cv-397-jdp

---

Plaintiff Valerie L. Flores, without counsel, alleged that she was wrongfully terminated from her job for defendant G2 Secure Staff at Dane County Regional Airport. I dismissed the original complaint for failure to state a claim upon which relief may be granted but I allowed Flores to file an amended complaint to fix that problem. Dkt. 10. She has done so, Dkt. 11, but her amended complaint raises further issues.

Flores contends that I am biased against her. I will construe these allegations as a motion for recusal under 28 U.S.C. § 455(a). Section 455(a) requires me to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986).

Flores objects to rulings that I've made against her in this and other cases she has filed in this court, and contends that I have a "conflict of interest" because I allegedly "represented . . . [an] abusive ex family member . . . in a family matter 20 years [ago]." Dkt. 11 at 7. Flores presents no evidence from which a reasonable observer could conclude that I am biased against her. My unfavorable rulings in various cases are not a reason for my recusal. *See Liteky v. United*

*States*, 510 U.S. 540, 555 (1994). I have never represented the person that Flores identifies. I will deny Flores's motion for recusal.

I ordered Flores to use the court's nonprisoner complaint form and allowed her to submit no more than five supplemental pages if she required more space to allege her claims. I cautioned Flores that if she failed to comply with my order, I could dismiss the case. Flores submitted seven supplemental pages, *see* Dkt. 11 at 4–10, disregarding my directive to submit no more than five supplemental pages. Flores did not seek an exception to the limitation on supplemental pages and failed to explain her failure to comply with my order. I will not dismiss this amended complaint for the two additional pages. But Flores is a regular litigant in this court, and she should be aware that I expect strict compliance with my procedural orders.

Flores's amended complaint also has substantive problems. The amended complaint's allegations are essentially the same as those in the original complaint, which I determined failed to state a claim upon which relief could be granted. Flores again alleges that she showed pictures of a propane tank and knife at work, and those allegations would give her employer reasonable concerns about her stability, which would be a permissible basis for her termination. Flores alleges in her amended complaint that she was discriminated against based on gender because the deputies who escorted her from the airport are men but, by itself, this assertion doesn't show that gender discrimination motivated this action. In any case, as Flores admits, the deputies were not her employer, so they could not be liable under Title VII. *See* Dkt. 11 at 6; 42 U.S.C. § 2000e(b).

To support her claim under the Americans with Disabilities Act, Flores alleges that she was perceived as disabled because a "mental health spin" was put on her actions. But, as with the original complaint, Flores fails to provide enough allegations about the mental health spin

and how it caused her termination. Flores alleges that she was permanently terminated from her job after the deputies escorted her from the airport based on apparent concerns about her mental health. But, without more detail, Flores's allegations do not suggest that "her employer regarded her as having a limitation that significantly restrict[ed] [her] ability to perform a class of jobs or a broad range of jobs in various classes." *See Kurowski v. Shinseki*, 557 F. App'x 549, 553 (7th Cir. 2014) (last alteration in original); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Flores alleges that she was regarded as disabled because of a 2016 report involving her appeal of a termination from a state job. Dkt. 11 at 4–5. But Flores's bare assertion that this report has "followed" her since then does not suggest that any defendant knew about it, much less that she was fired because her employer regarded her as disabled.

Flores repeats her allegation that she has a neck and back injury and contends that it interfered with her walking at times and made her job at the airport "inappropriate." *See* Dkt. 11 at 4. But Flores doesn't allege that she lost her job because of this physical impairment, so this allegation fails to support a disability discrimination claim.

Flores's realleges her claims for defamation and intentional infliction of emotional distress, but she hasn't fixed the problems about these claims that I identified in my order to amend.

Flores moves to correct the record in this case in two ways. Dkt. 12. First, she requests that the court remove a photograph of a car that she says she attached to her original complaint by mistake. Court filings are to be open to the public unless the court has a good reason to seal them. Flores doesn't provide a reason why the photograph must be sealed, so I will deny this request. Second, Flores points out that her amended complaint was filed on the "prisoner"

3

form because that is the form she was sent, but she is not a prisoner. The court acknowledges the point, and it will direct the clerk's office to use the nonprisoner form in Flores's cases.

CONCLUSION

Flores has had an opportunity to amend her complaint to state a claim for relief, but her amended complaint failed to do so. I see no way that Flores could amend her complaint to state a claim for discrimination that would be consistent with her factual allegations here. Accordingly, I will dismiss the complaint with prejudice and direct the clerk to enter judgment and close the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Valerie L. Flores's amended complaint, Dkt. 11, is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. Plaintiff's motion to correct, Dkt. 12, is GRANTED IN PART. The clerk's office is directed to use the nonprisoner forms in plaintiff's cases.

3. Dkt. 11 and Dkt. 12 are to be unsealed.

4. The clerk of court is directed to enter judgment and send plaintiff a copy of this order and the judgment.

Entered April 9, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge